# IN THE UNITED STATES DISTRICT COURT
# FOR THE
# WESTERN DISTRICT OF PENNSYLVANIA

OK GROCERY COMPANY,            )
a division of Giant Eagle, Inc.        )     **ELECTRONICALLY FILED**
                                 )
        Plaintiff,          )
                                 )
        vs.              )     2:20-cv-1609
                                 )
TEAMSTERS LOCAL UNION NO. 636,  )
                                 )
        Defendant.      )
                                 )

## COMPLAINT

Plaintiff, OK Grocery Company, a division of Giant Eagle, Inc. (hereinafter "OK Grocery" or "the Company"), by its undersigned counsel, in support of its Complaint, alleges the following:

## NATURE OF THE ACTION

1.     This is a civil action brought pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a) (the "LMRA"), to enforce the no strike provisions of a collective bargaining agreement.

2.     OK Grocery seeks a declaration that:  the actions of the Teamsters Local Union No. 636 (hereinafter "Local 636" or "the Union") described herein are in violation of the Company and Union's collective bargaining agreement and an Order requiring that the conduct immediately cease; an award to OK Grocery of monetary damages to compensate it for losses, including, but not limited to increased attendance and morale issues, loss of productivity,

additional overtime, and late deliveries to stores that would not have otherwise been incurred; an

award to OK Grocery for its fees, expenses, costs, and disbursements arising from the filing of

this action, including attorneys' fees incurred; and any other relief as the Court deems just and

proper.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to Section 301 of the LMRA,

without regard to the amount in controversy or the parties' citizenship.

4.      *Inter alia*, the Company seeks a declaratory judgment, pursuant to the provisions

of 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

5.      The events giving rise to this action occurred in Allegheny County, Pennsylvania.

6.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391 and 29 U.S.C. §

185(a).

## PARTIES

7.      Plaintiff OK Grocery's principal office is located in Pittsburgh, Pennsylvania and

the Company is engaged in commerce or an industry affecting commerce as defined in Section

2(6) and (7) of the National Labor Relations Act ("NLRA"), as amended, 29 U.S.C. §§ 152(6)

and (7).

8.      Defendant Local 636 is a labor organization within the meaning of Section 2(5) of

the NLRA, 29 U.S.C. § 152(5), with its principal office located at 536 Chartiers Avenue McKees

Rocks, PA 15136.

9.      Defendant Local 636 is the exclusive representative of warehouse employees at

OK Grocery, who are employed in an industry affecting commerce within the meaning of

Section 301 of the LMRA.

## THE COLLECTIVE BARGAINING AGREEMENT

10.      On or about September 20, 2016, OK Grocery and Local 636 entered into a

collective bargaining agreement ("the Agreement"), governing wages, hours, and other terms and

conditions of employment.  *See Exhibit A (The Agreement).*

11.      By its terms, the Agreement was effective from that date through September 20,

2021.

12.      Article VII of the Agreement expressly prohibits the Union, its officers, agents,

representatives, and members (Local 636 OK Grocery employees) from initiating any strikes

during the term of the Agreement, including slowdowns and sick outs.

13.      The no strike clause provides, in relevant part, as follows:

<u>Article VII – Strikes, Lockouts, etc.</u>

A.   The Union agrees that during the term of this Agreement the Union,
its officers, agents, representatives and members will not initiate,
authorize, sanction or participate in any picketing, handbilling, strikes,
including sympathy strikes, work stoppages, slowdowns, sitdowns,
sickouts, refusals to work or handle merchandise, or any other interference
with or interruption of the Company's operations or employees, and the
Union and its officers, agents and representatives will use every
reasonable effort to prevent or end such activity if it commences,
including working as scheduled…For the purpose of this provision, the
term "members" shall mean employees who are employed by the
Company and the bargaining unit covered by this Agreement.

14.      The Union and its members have failed to abide by the above-referenced

provision to which Local 636 voluntarily agreed, and will likely do so again without judicial

intervention, thereby interfering with and interrupting OK Grocery's operations and employees.

## LOCAL 636'S ENCOURAGMENT OF A SLOWDOWN
## AND SICKOUT IN VIOLATION OF THE AGREEMENT

15.      On the morning of September 15, 2020, the Company discovered seven (7)

postings at OK Grocery stating:  "**ATTENTION ALL TEAMSTERS LOCAL 636!**  TO

SHOW OUR APPRECIATION FOR DRIVERS/LOADERS APPRECIATION WEEK, WE

ARE BOYCOTTING ALL OVERTIME AND MAKING GOOD USE OF THE COVID CALL-

OFF POLICY!!!"  *See Exhibit B (The Postings).*

16.     The Company discovered the postings inside refrigerators in the vending machine

room and break room.

17.     Upon its discovery of the postings, OK Grocery reviewed security camera

footage, and discovered that Tim Basile ("Mr. Basile"), placed the postings inside the

refrigerators at 2:37 p.m. – 2:38 p.m. on September 14, 2020, in an apparent attempt to covertly

initiate a slowdown and sickout by his co-workers.

18.     Mr. Basile is a long term employee and is a union committee member, a position

to which he was elected by his co-workers.

19.     Pursuant to the parties' Agreement, Local 636 warehouse employees work

overtime as outlined in Article II, III, and XII, along with Addendum 3.  *See Exhibit A.*

20.     Via letter dated March 21, 2020, in an attempt to support its employees who have

attendance issues as a result of the COVID-19 pandemic, OK Grocery temporarily suspended

discipline under its Attendance Policy as of March 15, 2020.  *See Exhibit C (March 21, 2020*

*letter).*

21.     Contrary to the Company's purpose in temporarily suspending discipline under its

Attendance Policy, 636 employees are exploiting the temporary discipline suspension by not

coming to work as scheduled and being excessively absent and in order to create a slowdown

and/or sickout and, in the postings, have re-characterized the temporary discipline suspension as

a "COVID Call-Off Policy."

4

22.     Via letter dated September 18, 2020 to Albert J. Waltz, Principal Officer and

Director PA Conference for the Union ("Mr. Waltz"), the Company insisted upon compliance

with the Agreement and stated that it would not tolerate an illegal slowdown and/or sickout, or

the Union or any employee encouraging employees not to come to work as scheduled and/or to

be excessively absent.  The Company also informed Mr. Waltz that "[a]ll of this conduct is in

violation of the collective bargaining agreement and must cease immediately."  The Company

demanded that Mr. Waltz, "as the Principal Officer of Local 636, immediately repudiate, in

writing, the postings initiating a slowdown and/or sickout to all Local 636 employees and to the

Company.  Your failure to do so immediately will be deemed as your having authorized and

sanctioned this conduct."  *See Exhibit D (September 18, 2020 letter).*

23.     Via letter received by the Company on September 25, 2020, Mr. Waltz informed

the Company that he and the Union were refusing to repudiate the postings.  *See Exhibit E*

*(September 25, 2020 letter).*

## COUNT I – BREACH OF CONTRACT (DECLARATORY RELIEF)

24.     The allegations in Paragraphs 1 through 20 are incorporated herein.

25.     The Company seeks a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that

the Union's actions described above violate the no strike provisions in Article VII of the

Agreement.

26.     The above-referenced provision is clear and unambiguous.  Specifically, the

Union agreed that:

>        a.      "…during the term of this Agreement the Union, its officers, agents,
>                representatives and members will not **initiate, authorize, sanction** or
>                participate in any picketing, handbilling, strikes, including sympathy
>                strikes, **work stoppages**, slowdowns, sitdowns, **sickouts**, refusals to work
>                or handle merchandise, **or any other interference with or interruption
>                of the Company's operations or employees**… For the purpose of this

5

provision, the term "members" shall mean employees who are employed by the Company and the bargaining unit covered by this Agreement." *Exhibit A, Article VII* (emphasis supplied).

27.     Mr. Basile, however, engaged in conduct that violates the Agreement by posting the call for its members to engage in a slowdown and sickout on September 14, 2020.

28.     The Union, after notice from the Company of the postings, by refusing to repudiate the conduct, has authorized and sanctioned the conduct in violation of the Agreement.

29.     OK Grocery has suffered and will continue to suffer significant harm from this conduct, including, but not limited to increased attendance and morale issues, loss of productivity, additional overtime, and late deliveries to stores that would not have otherwise been incurred.

WHEREFORE, OK Grocery respectfully requests:

a.     That the Court issue a judgment against the Defendant declaring that the activity in which the Defendant has engaged described and referenced in this Complaint are in violation of Article VII of the parties' Agreement and that the Defendant be ordered to cease and desist from such activity; and

b.     That OK Grocery recover from the Defendant monetary damages to compensate it for losses, including, but not limited to increased attendance and morale issues, loss of productivity, additional overtime, and late deliveries to stores that would not have otherwise been incurred; and

c.     That OK Grocery recover from the Defendant its fees, expenses, costs, and disbursements arising from the filing of this action, including attorneys' fees incurred to enforce the Agreement, along with any other relief as the Court deems just and proper.

*[Signature Page Follows]*

6

Dated:  October 23, 2020                    Respectfully submitted,


                                            */s/ Elly Heller-Toig*
                                            Elly Heller-Toig (PA ID # 33244)
                                            *ehtoig@marcus-shapira.com*

                                            James F. Rosenberg (PA ID # 53552)
                                            *jfr@marcus-shapira.com*

                                            Daniel J. Stuart (PA ID # 321011)
                                            *djs@marcus-shapira.com*

                                            MARCUS & SHAPIRA LLP
                                            Firm #145
                                            35th Floor, One Oxford Centre
                                            301 Grant Street
                                            Pittsburgh, PA  15219-6401
                                            Tele:  (412) 471-3490

                                            Counsel for Plaintiff,

                                            *OK Grocery Company,*
                                            *a division of Giant Eagle, Inc.*